MARY H. FOWLER ET AL. v. THE UNION DEVELOPMENT COMPANY.

(Filed 23 December, 1911.)

1. Grants of Land—Countersignature—Deputy Clerk—Invalidity.

A countersignature by the chief clerk to the Secretary of State on a grant for lands held void under the doctrine of *Richards v. Lumber Co.*, *post*, 54.

2. Same—Correction—Validity.

When the countersignature of the Secretary of State correctly appears on a grant in all respects regular in form, the validity of the grant will not be affected because a void attempted countersignature of the Secretary appears thereon as having been made by the chief clerk in his office.

3. Grants of Land—Regular in Form—Countersignature—Seal—
    Entry—Presumptions.

   A grant of land under the great seal of the State, regular in
   substance and form, had thereon the following countersignature
   by the Secretary of State: "Secretary's office, May 21, 1869, H. J.
   Menninger, Secretary of State." The countersignature held suf-
   ficient, and the reference to the Secretary of State's office, with
   the entry plat as well as the great seal affixed to the grant,
   shows that the grant was duly issued upon the payment of the
   money.

ALLEN, J., dissenting; WALKER, J., concurs in the dissenting opinion.

APPEAL by plaintiff from *Cline, J.,* at Spring Term, 1911,
of CLAY.

The facts are sufficiently stated in the opinion of the Court
by *Mr. Chief Justice Clark.*

*A. W. Horne, J. Frank Ray, and O. L. Anderson for plain-
tiffs.*

*F. S. Johnston, G. L. Jones, and J. H. Dillard for defendant.*

CLARK, C. J.   The only question presented is whether Grant
No. 3075 is valid.   The original is sent up in the record, and
shows:

1. The grant purports to be countersigned as follows: "By
command, H. J. Menninger, Secretary of State, per T. J. Men-
ninger, chief clerk." This is invalid. *Beam v. Jennings,* 96
N. C., 83; *Richards v. Lumber Co., post,* 54.

2. The Secretary of State himself seems to have been of this
opinion and duly countersigned it himself by writing on the
opposite side of the sheet the following: "Secretary's office,
May 21, 1869. H. J. Menninger, Secretary of State." This
is sufficient countersigning, as is held in *Richards v. Lumber
Co., post,* 54. The abortive countersigning by the chief clerk
does not vitiate the proper countersigning by 'the Secretary of
State himself. *Utile per inutile non vitiatur.* The genuine-
ness of the signature of the Secretary of State and that of the
Governor is presumed from the great seal being affixed, and

there is no attack made upon it. Reference to the Secretary of State's office shows that this grant was duly issued, and upon payment of the purchase money. The entry and plat as well as the great seal are affixed to the grant. In rejecting it there was

Error.

ALLEN, J., dissenting: The question involved in this appeal is similar to the one considered on the plaintiff's appeal in *Richards v. Lumber Co.,* but the facts differ in one particular.

The paper, purporting to be a grant, offered in evidence in this case, in addition to a countersigning, "H. J. Menninger, Secretary of State, per T. J. Menninger, Chief Clerk," had indorsed on it, "Secretary's office, May 21, 1869. H. J. Menninger, Secretary of State."

There was no evidence as to handwriting, or that this indorsement was on the paper when it left the office of Secretary of State.

For the reasons assigned in the opinion in *Richards v. Lumber Co.,* I think the paper was properly excluded and that the judgment ought to be affirmed.

JUSTICE WALKER concurs in this opinion.